UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO:

DAN-BUNKERING (AMERICAS) INC.,

    Plaintiff,

v.

M/T *SVEVA*, its engines, tackle and apparel,

    Defendant *in rem*.

_____/

**VERIFIED COMPLAINT**
**WITH REQUEST FOR WARRANT OF ARREST**

    Plaintiff, Dan-Bunkering (Americas), Inc., brings this action against Defendant, M/T *SVEVA* (the "Vessel") in rem, and alleges as follows:

**Jurisdiction and Venue**

    1.    This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rule C for Certain Admiralty and Maritime Claims, *Fed. R. Civ. P.* 9(h), and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

    2.    Venue is proper in this Court because the Vessel is on navigable waters within Miami-Dade County, Florida, which is within the Southern District of Florida District.

**The Parties**

    3.    Plaintiff, Dan-Bunkering (Americas) Inc. ("Dan-Bunkering"), sold fuel (collectively "bunkers") to the Vessel.

    4.    Defendant, Vessel, is an ocean going vessel and temporarily at anchor in this

jurisdiction.

## Action against Vessel, In Rem

5.      Plaintiff, Dan-Bukering, incorporates the above paragraphs as if specifically set forth herein.

6.      Plaintiff, Dan-Bunkering, sells bunkers to the Vessel's owners and/or charterers pursuant to the General Terms and Conditions for the Sale and Delivery of Bunker Oil from Dan-Bunkering (America), Inc. dated May, 2012 ("Terms and Conditions").  A copy of the Terms and Conditions is attached hereto and made a part hereof as Exhibit "A."

7.      The Terms and Conditions are incorporated by reference in the "Order Confirmations" that Dan-Bunkering provides to the Vessel's owners and/or charterers when they order bunkers for the Vessel.  The Vessel's owners and/or charterers know the Terms and Conditions and they acknowledge this fact by acceptance of the Order Confirmations, which contain the notice about the Terms and Conditions.  Dan-Bunkering's Order Confirmations also advise the Vessel's owners and/or charterers that the Terms and Conditions are available on request and also on Plaintiff's website homepage "www.dan-bunkering.com".

8.      Plaintiff, Dan-Bunkering, and the Vessel's owners and/or charterers entered into a maritime contract for the sale of bunkers to the Vessel on July 10, 2014.  The contract is composed of the Order Confirmation dated July 10, 2014 and the Terms and Conditions. Plaintiff provided bunkers to the Vessel as ordered and sent its Invoice Number 51339 dated July 22, 2014 to the Vessel's owners and/or charterers.  The Vessel's Master signed the Bunker Delivery Note acknowledging the Vessel received the stated amount of bunkers.  Copies of the Order Confirmation dated July 10, 2014, Plaintiff's Invoice Number 51339, and the Bunker

Delivery Note signed by the Vessel's Master are attached hereto as Composite Exhibit "B."

9. Plaintiff, Dan-Bunkering, and the Vessel's owners and/or charterers entered into a maritime contract for the sale of bunkers to the Vessel on October 17, 2014.  The contract is composed of the Order Confirmation dated October 17, 2014 and the Terms and Conditions.  Plaintiff provided bunkers to the Vessel as ordered and sent its Invoice Number 51592 dated October 20, 2014 to the Vessel's owners and/or charterers. . The Vessel's Master signed the Bunker Delivery Note acknowledging the Vessel received the stated amount of bunkers.  Copies of the Order Confirmation dated October 17, 2014, Invoice Number 51592 and the Bunker Delivery Note signed by the Vessel's Master are attached hereto as Composite Exhibit "C."

10. The Terms and Conditions, which are part of the bunker contracts, contain a choice of law provision that says the contracts are governed by the laws of the United States of America, including 46 U.S.C. §§ 31341 and 31342.  See Sections 9.1 and 16.1 of the Terms and Conditions attached as Exhibit "A."

11. Section 9.1 of the Terms and Conditions of the bunker contracts provides Plaintiff, Dan-Bunkering, has a maritime lien against the Vessel for the value of the bunkers, which includes the costs of delivery, interest, taxes, etc., under 46 U.S.C. §§ 31341 and 31342 and that Plaintiff may take action to foreclose its liens against the Vessel under U.S. law.  See Exhibit "A."

12. In addition to Section 9.1 of the Terms and Conditions of the bunker contracts, Plaintiff, Dan-Bunkering, has a maritime lien against the Vessel under U.S. law namely 46 U.S.C. § 31342.

13. Plaintiff, Dan-Bunkering, provided at least **$307,864.55** worth of goods and

services to the Vessel, namely, bunkers, as set out in the Invoices and Order Confirmations attached hereto as Composite Exhibits "B" and "C."[1]

14. The Vessel's owners and/or charterers failed to pay Plaintiff, Dan-Bunkering, for the bunkers and is in default of its obligations to Plaintiff.

15. Plaintiff, Dan-Bunkering, sent an "Interest Note" dated November 14, 2014 to the Vessel's owners and/or charterers, which shows the amount of pre-judgment interest that Plaintiff was owed under the Terms and Conditions of the bunkers contracts. A copy of the Interest Note dated November 14, 2014 is attached hereto as Exhibit "D." Pre-judgment interest accrues on the unpaid balance at the rate of 2% per month.

16. Plaintiff, Dan-Bunkering, has sustained damages as a direct consequence of the Vessel's owners and/or charterers' failure to pay for the bunkers supplied to the Vessel.

17. Plaintiff, Dan-Bunkering, possesses maritime *"necessaries"* liens against the Vessel in the amount of the goods and services that it provided (bunkers), plus all interest and costs, to the total of at least **$307,864.55**.

18. Plaintiff, Dan-Bunkering, is entitled to foreclose its maritime *necessaries* liens against the Vessel and have the Vessel sold by the U.S. Marshal to pay for the balance due for the bunkers. See Section 9.1 of the Terms and Conditions attached as Exhibit "A."

### DEMAND FOR THE VESSEL'S ARREST; ENTRY OF JUDGMENT; AND ORDER OF SALE OF VESSEL

WHEREFORE, Plaintiff, Dan-Bunkering (America) Inc., respectfully demands the Court provide the following relief:

---

[1] The Vessel's charterer paid $120,000.00 toward the invoiced amount which leaves the balance that is demanded in this *in rem* maritime lien foreclosure action.

(A) That this Court issue a warrant of arrest *in rem* pursuant to Supplemental Federal Rule of Civil Procedure C for the arrest of the Vessel, her engines, tenders, equipment, bunkers and appurtenances;

(B) That the Vessel, her engines, tackle, freights, etc., be arrested pursuant to Supplemental Rule C to the extent of the amount of Plaintiff's total maritime liens against her as alleged above, plus interest and costs;

(C) That this Court enter judgment in favor of Plaintiff, Dan-Bunkering (America) Inc. and award Plaintiff its damages as alleged herein against the Vessel *in rem*;

(D) That this Court enter an Order directing the U.S. Marshal to sell the Vessel at public auction under the laws of the United States of American, Supplemental Admiralty Rules C and E, and *S. D. Fla.* Local Admiralty Rules C and E;

(E) That this Court allow Plaintiff, Dan-Bunkering (America) Inc., to credit bid any part of its *in rem* judgment against the Vessel to purchase the Vessel at the U.S. Marshal's sale; and,

(F) That this Court award Plaintiff such other and further relief as is proper.

Dated: March 13, 2015.

Respectfully submitted,

STROUP & MARTIN, P.A.
Attorneys for Plaintiff
119 Southeast 12th Street
Fort Lauderdale, Florida 33316-1813
Tel:  (954) 462-8808
Fax:    (954) 462-0278
Email: jstroup@strouplaw.com
Email: fmartin@strouplaw.com

BY:   */s/ James W. Stroup*
JAMES W. STROUP
Florida Bar No. 0842117

BY:   */s/ Farris J. Martin, III*
FARRIS J. MARTIN, III
Florida Bar No. 0879916

OF COUNSEL:

J. Stephen Simms
SIMMS SHOWERS LLP
201 International Circle
Baltimore, Maryland 21030

        Tel: (410) 783-5795  
        Fax: (410) 510-1789  
        Email: jssimms@simmsshowers.com

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiff made available to me by plaintiff. Authorized officers of plaintiff are not readily available in this District to make verifications on plaintiff's behalf. I am authorized to make this verification on plaintiff's' behalf.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2015.

_____
J. Stephen Simms