UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF FLORIDA

FILED by __MM__ D.C.

JUN 0 3 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

| | | |
|---|---|---|
| **DAN BUNKERING (AMERICA) INC** | § | |
| Plaintiff | § | |
| v. | § | |
| | § | |
| **M/T SVEVA, it's engines, tackle, &apparel, in rem** | § | Civil Action No.15-CIV-21024-LENARD |
| Defendant, Third Party Plaintiff | § | |
| v. | § | |
| | § | |
| **SGR ENERGY, LLC** | § | |
| Third Party Defendant | | |

## AMENEDED THIRD-PARTY DEFENDANT'S ORIGINAL ANSWER

## THIRD-PARTY DEFENDANT, SGR ENERGY LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DAN BUNKERING (AMERICA) INC.'S THIRD-PARTY COMPLAINT PURSUANT TO FED.R.CIV.P. 14(C)

COMES NOW SGR ENERGY, LLC, the Third-Party Defendant in the above-styled and numbered cause, and pursuant to Federal Rules of Civil Procedure, file this, its Amended Original Answer to Plaintiff's Original Petition, and in support of the same, would respectfully show unto the Court the following pursuant to Fed.R.Civ.P.14(c) states as follows:

1. ADMITTED, DAN-BUNKERING filed its complaint against M/T SVEVA and SGR Energy on March 13th, 2015. DENIED, Third-Party Defendant, SGR ENERGY is liable to DAN-BUNKERING.

2. ADMITTED, These third party claims are brought pursuant to Rule 14(c) of the Fed.R.Civ.P. DENIED, Third-Party Defendant, SGR Energy is wholly or partly liable to either M/T SVEVA or to the Plaintiff, DAN-BUNKERING, and DENIED FOR LACK OF KNOWLEDGE that the claims arise out of the same transaction or occurrence that is the subject matter of Plaintiff's claims against SGR Energy.

## I.     JURISDICTION AND VENUE

3.  DENIED, This matter arises within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. 1367.

4.  DENIED, Venue rests in the United States District Court for the Southern District of Florida under the doctrine of ancillary venue.

5.  Third-Party Defendant, SGR ENERGY is a Texas Limited Liability Corporation based in the State of Texas.

6.  DENIED (a,b,c,d,g), Third-Party Defendant, SGR ENERGY  personally or through their agents or representatives:

    a.  DENIED, Third-Party Defendant, SGR ENERGY operated, conducted, engaged in or carried on a business venture in the State of Florida and/or has an office or agency in this state: and/or,

    b.  DENIED, Third-Party Defendant, SGR ENERGY were engaged in substantial business activity within the State of Florida; and/or

    c.  DENIED, Third-Party Defendant, SGR ENERGY committed one or more of the acts identified as giving rise to jurisdiction in Florida Statutes §§ 48.081, 48.181, or 48.193; and/or

    d.  DENIED, Third-Party Defendant, SGR ENERGY engaged in continuous and non-isolated activity within the State of Florida, including but not limited to:

        (i)     DENIED, Third-Party Defendant, SGR ENERGY entering into contracts, undertakings and agreements with various third parties as part of its above described business activities, which required and contemplated regular actions and activities to be performed within the State of Florida and its territorial waters.  ADMITTED, Third-Party Defendant SGR Energy performed within the territorial waters of the United States; and/or

    e.  ADMITTED, Operated, conducted, engaged in or carried on a business venture in the United States or has an office(s) or agency in the United States; and/or

    f.  ADMITTED, Were engaged in substantial business activity within the United States; and/or

    g.  DENIED, Are subject to service and jurisdiction under the provisions of Fed.R.Civ.P. 4(k); and accordingly, are not subject to the jurisdiction of this Court.

## II.   FACTUAL BACKGROUND

7. DENIED, DAN-BUNKERING has an alleged maritime lien against Third-Party Defendant, SGR ENERGY for necessaries provided to the MT SVEVA.

8. DENIED, Plaintiff's alleged damages, if any, resulted solely and proximately from the acts or omissions of Third-Party Defendant, SGR ENERGY which is the party that allegedly entered into agreements for the purchase of bunkers.

## COUNT I AGAINST SGR ENERGY

Third-Party Defendant, SGR ENERGY reconfirms its answers to the allegations contained in paragraphs one (1) through eight (8) above.

9. ADMITTED, DAN-BUNKERING has brought a claim against M/T SVEVA for the non-payment of bunkers allegedly provided to the M/T SVEVA; SGR ENERGY DENIES it is liable to DAN BUNKERING.

10. DENIED, In the event that Third-Party Plaintiff M/T SVEVA becomes obligated to pay damages to DAN-BUNKERING, which is denied. SGR ENERGY DENIES that it will be due solely to the vicarious, constructive, special, technical, or derivative liability resulting from the acts of omissions of SGR ENERGY which is the party which allegedly entered into agreements for the purchase of bunkers.

11. DENIED, Further, that in the event that Third-Party Plaintiff M/T SVEVA becomes obligated to pay damages to DAN-BUNKERING, SGR ENERY DENIES that it should bear the costs as SGR ENERGY DENIES that it would be for the wrongdoing of SGR ENERGY that M/T SVEVA would be held liable and without any fault on the part of M/T SVEVA.

12. DENIED FOR LACK OF KNOWLEDGE, M/T SVEVA has satisfied all conditions precedent to the filing of this Third-Party complaint.

13. ADMITTED, M/T SVEVA has hired the undersigned law firm to represent it in the action brought by the Plaintiff and in prosecuting the instant Third-Party Complaint and have agreed to pay the undersigned firm attorneys' fees & costs. DENIED, Third-

Party Plaintiffs, SVEVA are entitled to recovery from SGR ENERGY of attorneys' fees and costs in defense of the Plaintiff's action under the law of indemnity.

WHEREFORE, DENIED, Third-Party Plaintiff, M/T SVEVA respectfully requests that the court enter a judgment in their favor and against SGR ENERGY for all sums that may be adjudged against M/T SVEVA as a result of any acts or omissions on the part of SGR ENERGY and pursuant to Fed.R.Civ.P.14©(2) demand judgment in the Plaintiff's favor against SGR ENERGY and demand that SGR ENERGY defend under Rule 12 against the Plaintiff's claims as well as the Third-Party Plaintiff's claims and for pre-judgment and post-judgment interest, court cost, attorneys' fees in defense of the present action, costs, and such additional relief that the Court deems appropriate.

## COUNT II AGAINST SGR ENERGY

Third-Party Defendant, SGR ENERGY reconfirms its answers to the allegations contained in paragraphs nine (9) through thirteen (13) above.

14. ADMITTED, DAN BUNKERING has brought a claim against M/T SVEVA for the non-payment of bunkers allegedly provided to the M/T SVEVA; SGR ENERGY DENIES that it is liable to DAN BUNKERING.

15. DENIED, DAN BUNKERING's complaint contains allegations which, if proven, might establish liability on the part of Third Party Plaintiffs and if the allegations of the Third Party Complaint are also proven, then Third-Party Plaintiff and SGR Energy might share a common liability to DAN-BUNKERING.

16. Third Party Defendant SGR ENERGY DENIES that it is liable to DAN-BUNKERING in the subject lawsuit. DENIED, Third Party Plaintiff would be entitled to contribution from SGR Energy for any amounts paid to DAN BUNKERING in excess of Third-Party Plaintiff's proportionate share of liability, which is denied.

Third-Party Defendant, SGR ENERGY reconfirms its answers to the allegations contained in paragraphs fourteen (14) through sixteen (16) above.

WHEREFORE, DENIED, Third-Party Plaintiff, M/T SVEVA respectfully requests that the court enter a judgment in their favor and against SGR ENERGY for all sums that may be adjudged against M/T SVEVA as a result of any acts or omissions on the part of SGR ENERGY and pursuant to Fed.R.Civ.P.14©(2) demand judgment in the Plaintiff's favor against SGR ENERGY and demand that SGR ENERGY defend under Rule 12 against the Plaintiff's claims as well as the Third-Party Plaintiff's claims and for pre-judgment and post-judgment interest, court cost, attorneys' fees in defense of the present action, costs, and such additional relief that the Court deems appropriate.

Reserving its right to file other and further pleadings, exceptions, and denials, Third-Party Defendant, SGR ENERGY, LLC hereby asserts its defenses as authorized by Rules of Civil Procedure, against each, and every, all and singular, allegation made by Plaintiff in Plaintiff's Original Petition and demands strict proof thereof.

WHEREFORE, Third-Party Defendant, SGR ENERGY prays that judgment be entered as follows:

1. That Plaintiff take nothing by her Original Petition;
2. That Plaintiff's Original Petition and all claims therein be dismissed; and
3. That judgment be entered in favor of Third-Party Defendant, SGR ENERGY for such other, and further relief to which Third-Party Defendant, SGR ENERGY may be justly entitled, including, but not limited to its costs and attorney's fees.

Respectfully submitted,

THOMAS SAN MIGUEL, PRO SE
SGR ENERGY, LLC
14405 Walters Road, Suite 1018
Houston, Texas 77014
(832) 286-1524

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2015, a true and correct copy of the above and foregoing was served by certified mail:

PLAINTIFF'S ATTORNEY:
Farris James Martin, III
Stroup and Martin P.A.
119 SE 12th Street
Fort Lauderdale, FL 33316-1813
(954) 462-8808

DEFENDENT/THIRD PARTY PLAINTIFF'S ATTORNEY:
Damon T. Hartley, Esq.
DE LEO & KUYLENSTIERNA P.A.
Town Center One
8950 SW 74th Court
Miami, FL 33156
(786) 332-4909

THOMAS SAN MIGUEL